# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MAURICE JONES,                )
                              )
    Petitioner,               )
                              )
v.                            )   CV419-030
                              )
TERRENCE KILPATRICK, *Warden*, )
                              )
    Respondent.               )

## ORDER AND REPORT AND RECOMMENDATION

Maurice Jones has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. Doc. 1. Specifically, he argues that the failure to return a "True Bill of Indictment . . . into open court" violated his rights under the United States Constitution's Fifth and Fourteenth Amendments and created a "lack of jurisdiction." *Id.* at 5, 7. He also alleges that his "arrest warrants are void" for lack of probable cause and various formal defects. *Id.* at 8. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent,[1] the Court **GRANTS** his IFP motion. Preliminary

---

[1] Jones' motion concedes that he "do[es] have the $5.00 filing fee" in his inmate account "at this time." Doc. 2 at 3. He is concerned, however, that because of the small balance and irregularity of deposits to that account it may be depleted before the

review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Jones' state collateral challenges to his conviction are pending. *See* doc. 1 at 3 (discussing habeas petition filed in Effingham County Superior Court on Dec. 3, 2018); *see also id.* at 4 (discussing a motion for an out-of-time appeal filed in Effingham County Superior Court on Dec. 7, 2018). Despite the short time that has passed, he complains that "[t]he court never responded back after filing motion [sic]."[2] Before seeking § 2254 relief, however, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief);

---

motion is considered. *Id.* The Court might require him to submit current information about his finances, but, as his petition is due for dismissal, the issue is moot.

[2] Exhaustion is not required where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). The passage of a few weeks without response from the state court does not excuse the exhaustion requirement to invoke this Court's jurisdiction. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (despite eight-year delay in adjudication of state habeas petition, exhaustion requirement upheld where state court eventually adjudicated state habeas petition and petitioner had a "viable state procedure available").

2

*see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Jones, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting a response from the state court.

Although Jones' claims are unexhausted, they also appear to suffer from a fatal substantive defect.[3] They are untimely by many years. Jones had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[4] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan.

---

[3] The fact that Jones' claims are unexhausted does not preclude the Court from considering their timeliness, as an alternative ground for dismissal. *See, e.g., Granberry v. Greer*, 481 U.S. 129, 135 (1987) ("[I]f it is perfectly clear that the [habeas] applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served" by prompt denial of the petition).

[4] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

3

7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

Jones' petition alleges that, although he does not know the date of his conviction, he was sentenced on July 21, 2010. Doc. 1 at 1. He alleges that he filed no direct appeal and, as discussed above, filed collateral challenges in 2018. *Id*. at 1-4. Since he filed no appeal, his conviction became final on the date his time for seeking an appeal expired. *See, e.g.*, *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018) ("[I]f the petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant

state court expires."). His conviction was final, then, no later than August 20, 2010. *See* O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Jones thus had one year from that date—until August 22, 2011[5]— to file a timely federal petition or toll the limitations period by seeking state collateral relief. Since the one-year period for seeking relief under § 2254 had been expired for years before any state proceedings commenced, those collateral proceedings could have no tolling effect.

An otherwise untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, Dept. of Corrs.*, 609 F. App'x 623, 624 (11th Cir. 2014) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition."

---

[5] One year from the date his conviction became final was Saturday, August 20, 2011. His deadline to file his petition, therefore, would expire on the following Monday. *See* Rule 12 of the Rules Governing § 2254 Cases (applying the Federal Rules of Civil Procedure to § 2254 cases, "to the extent that they are not inconsistent with any statutory provisions or these rules"); Fed. R. Civ. P. 6(a)(1)(C) (if a deadline falls on a Saturday, Sunday, or legal holiday it is automatically extended until the next day that is not a Saturday, Sunday, or legal holiday).

*Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Jones, however, indicates no fact demonstrating either his diligence or the existence of extraordinary obstacles.[6] Although he devotes considerable space to a discussion of the timeliness of his petition, doc. 1 at 13-14, 16, at most, that discussion implies that he may challenge his allegedly void judgment in state court at any time. As this Court has explained, however: "Even if a defendant is allowed [under state law] to file a motion to vacate a void and illegal sentence at any time, in order for such a motion to toll the AEDPA statute of limitation, the motion must be filed before the expiration of that statute of limitation." *Moore v. Toole*, 2011 WL 5239115 at * 1 (S.D. Ga. Nov. 1, 2011) (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (even a properly filed state petition "filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (quotes and cite omitted)). Whether he can pursue a state remedy for his allegedly void sentence, then, is irrelevant to the timeliness of his federal petition.

---

[6] In the section of his petition discussing timeliness, he cites to Georgia law concerning judgments that are void for lack of jurisdiction. *See* doc. 1 at 13-14, 16.

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED without prejudice** for lack of exhaustion and as apparently untimely.[7] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

[7] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If Jones believes that there are facts, unalleged in this petition, which support the timeliness of a federal petition, he is free to make that argument once he has exhausted his state remedies.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 13th day of February, 2019.

*[signature]*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia